**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**CHRISTOPHER ODIS**                                   **CIVIL ACTION**

**VERSUS**                                                      **NO.  18-9877**

**DARREL VANNOY, WARDEN**                  **SECTION "E"(2)**

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.  See 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I recommend that the instant petition for habeas corpus relief be **DENIED and DISMISSED WITH PREJUDICE**.

## I.    FACTUAL BACKGROUND

The petitioner, Christopher Odis, is a convicted inmate currently incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2]  On July 28, 2011, Odis was

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

[2]Rec. Doc. No. 1.  For some reason, the clerk of court improvidently re-filed a copy of the original petition when the filing fee was paid after denial of the pauper application.  Rec. Doc. No. 4.

charged by bill of information in Lafourche Parish with sexual battery of A.D., a juvenile under age 13.[3] The Louisiana First Circuit Court of Appeal summarized the facts established at trial:

> On April 25, 2011, the victim, A.D., disclosed to her mother that her mother's live-in boyfriend, the defendant, had been touching her inappropriately for the past year or one-and-one-half years. After the disclosure was made, A.D.'s mother took her to church to discuss the matter further. After their conversation at the church, A.D.'s mother brought her to Terrebonne General Hospital, and hospital personnel contacted Detective Sean Scott with the Lafourche Parish Sheriff's Office. Detective Scott spoke with A.D. and scheduled an interview at the Children's Advocacy Center in Thibodaux, Louisiana.

(footnote omitted) State v. Odis, No. 2014-K-0534, 2014 WL 5801507, at *1 (La. App. 1st Cir. Nov. 7, 2014); State Record Volume 2 of 4, Louisiana First Circuit Court of Appeal Opinion, 2014-K-0534, page 2, November 7, 2014.

Odis was tried before a jury on October 22 through 24, 2013, and found guilty as charged.[4] At a November 21, 2013, hearing, the state trial court denied Odis's motion for post-verdict judgment of acquittal based on sufficiency of the evidence.[5] After waiver of legal delays, the court sentenced Odis that same day to serve 75 years in prison, with

---

[3]St. Rec. Vol. 1 of 4, Bill of Information, 7/28/11. Pursuant to La. Rev. Stat. § 46:1844(W), family and a minor victims of sex crimes are referred to by their initials. This court will do the same.

[4]St. Rec. Vol. 1 of 4, Trial Minutes, 10/22/13; Trial Minutes, 10/23/13; Trial Minutes, 10/24/13. Trial Transcript, 10/22/13; St. Rec. Vol. 2 of 4, Trial Transcript, 10/23/13; Trial Transcript, 10/24/13. The matter was first called to trial on January 29, 2013, but Odis failed to appear. St. Rec. Vol. 2 of 4, Trial Transcript, 1/29/13.

[5]St. Rec. Vol. 1 of 4, Sentencing Minutes, 11/21/13; Motion for Post-Verdict Judgment of Acquittal, 10/29/13; St. Rec. Vol. 2 of 4, Sentencing Transcript, 11/21/13.

the first 25 years to be served without benefit of parole, probation or suspension of sentence.[6]

On direct appeal, Odis's appointed counsel asserted two errors:[7] (1) The State failed to present sufficient evidence to uphold the conviction. (2) The state trial court imposed an excessive sentence. Odis filed a pro se supplemental brief asserting that the state trial court was without jurisdiction and not the proper venue, because the alleged crime occurred in Terrebonne Parish.[8] On November 7, 2014, the Louisiana First Circuit affirmed Odis's conviction and sentence, finding meritless the insufficient evidence claim and finding the other claims procedurally barred from review.[9]

On September 18, 2015, the Louisiana Supreme Court denied Odis's related writ application without stated reasons.[10] His conviction and sentences became final ninety (90) days later, on December 17, 2015,[11] when he did not file a writ application with the United States Supreme Court. Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999), cert.

---

[6]St. Rec. Vol. 1 of 4, Sentencing Minutes, 11/21/13; St. Rec. Vol. 2 of 4, Sentencing Transcript, 11/21/13.

[7]St. Rec. Vol. 4 of 4, Appeal Brief, 2014-KA-0534, 5/19/14.

[8]St. Rec. Vol. 4 of 4, Supplemental Pro Se Appeal Brief, 2014-KA-0534, 7/16/14.

[9]Odis, 2014 WL 5801507, at *1; St. Rec. Vol. 2 of 4, 1st Cir. Opinion, 2014-K-0534, 11/7/14.

[10]State v. Odis, 182 So.3d 21 (La. 2015); St. Rec. Vol. 2 of 4, La. S. Ct. Order, 2014-KO-2524, 9/18/15; La. S. Ct. Letter, 2014-KO-2524, 12/3/14; St. Rec. Vol. 3 of 4, La. S. Ct. Writ Application (copy), 2014-KO-2254, dated 11/25/14.

[11]The State's finality calculation on December 18, 2015, is incorrect. See Rec. Doc. No. 10, p.5.

denied, 529 U.S. 1099 (2000) (filing period for certiorari with the United States Supreme

Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)); U.S.

Sup. Ct. Rule 13(1).

On November 17, 2016, Odis signed and submitted to the state trial court an

application for post-conviction relief in which he asserted the following claims:[12] (1) The

state courts misapplied Jackson v. Virginia, 443 U.S. 307 (1979). (2) He received

ineffective assistance of counsel, because his trial and appellate counsel incorrectly

argued the insufficient evidence claim. (3) He received ineffective assistance when his

trial counsel failed to impeach the victim or seek a limiting instruction to the jury.

On January 11, 2017, the state trial court denied relief, holding that the insufficient

evidence claim and related arguments throughout the petition were procedurally barred

as repetitive of the claim addressed on direct appeal.[13]  The court also found meritless the

ineffective assistance claims, because trial counsel fully questioned the victim and the

jury was properly instructed to assess the credibility and weight of the evidence.

On March 20, 2017, the Louisiana First Circuit denied Odis's related writ

application without stated reasons.[14]  On September 28, 2018, the Louisiana Supreme

---

[12]St. Rec. Vol. 2 of 4, Application for Post-Conviction Relief, 11/22/16 (dated 11/17/16).

[13]St. Rec. Vol. 2 of 4, Trial Court Order, 1/11/17.

[14]State v. Odis, No. 2017-KW-0176, 2017 WL 1064747, at *1 (La. App. 1st Cir. Mar. 20, 2017); St. Rec. Vol. 3 of 4, 1st Cir. Order, 2017-KW-0176, 3/20/17.  The State failed to include a copy of the writ application.  The Louisiana First Circuit's records reflect that it was filed on February 8, 2017.

Court denied Odis's writ application finding his ineffective assistance of counsel claims meritless, citing <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), and his insufficient evidence claim repetitive, citing La. Code Crim. P. art. 930.4.[15]

## III.    FEDERAL HABEAS PETITION

On October 23, 2018, the clerk of this court filed Odis's petition for federal habeas corpus relief in which he asserts the following grounds for relief:[16] (1) The evidence was insufficient to support the conviction. (2) The sentence was excessive. (3) The state trial court did not have jurisdiction because it was not the proper venue. (4) The state courts misapplied <u>Jackson</u> to the insufficient evidence claim. (5) He received ineffective assistance of trial and appellate counsel on the sufficiency of the evidence claim. (6) He received ineffective assistance when trial counsel failed to discredit the victim.

The State filed a response in opposition to Odis's federal petition asserting that his federal habeas petition was not timely filed, two of the claims are procedurally improper and the remaining claims are meritless.[17]  In his traverse to the State's opposition, Odis argues that the State failed to apply the mailbox rule which would render his federal

---

[15]<u>State ex rel. Odis v. State</u>, 253 So.3d 138 (La. 2018); St. Rec. Vol. 3 of 4, La. S. Ct. Order, 2017-KH-0857, 9/28/18; La. S. Ct. Letter, 2017-KH-851, 5/25/17 (showing postal mailing 4/12/17).

[16]Rec. Doc. No. 1.

[17]Rec. Doc. No. 10.

petition timely.[18]  He also argues that the State's procedural challenge to his jurisdiction claim should be overruled, because the state courts should have reconsidered the evidence demonstrating the location of the alleged incidents.

## III.    GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[19] and applies to habeas petitions filed after that date.  Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).  The AEDPA therefore applies to Odis's petition, which, for reasons discussed below, is deemed filed on October 23, 2018.[20]  The threshold questions in habeas review under the amended statute are whether the petition is timely and whether petitioner's claims were adjudicated on the

---

[18]Rec. Doc. No. 11.

[19]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[20]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995).  The clerk of court filed Odis's petition on October 23, 2018, when it was received. The official stamp of the prison legal programs department reflects that Odis presented the petition to prison officials on October 23, 2018, for electronic mailing to federal court.  Rec. Doc. No. 1, p. 13. Payment of the filing fee does not alter the application of the federal mailbox rule.  Cousin v. Lensing, 310 F.3d 843, 847 (5th Cir. 2002).

merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State alleges that Odis's federal petition was not timely filed.  The State's calculation, however, is based on several mathematical errors and incorrect dates.  For example, the State miscalculated the finality of Odis's state court conviction to be December 18, 2015, rather than December 17, 2015.  The State also failed to apply the prisoner mailbox rule to Odis's state and federal pleadings as required under the AEDPA.  Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

One additional calculation error is the State's assertion that Odis's federal petition was filed on November 23, 2018, when the case was opened on receipt of the filing fee following denial of pauper status.  However, the mailbox rule applies despite the later payment of the filing fee.  Cousin, 310 F.3d at 847.  As calculated above, Odis's petition was deemed filed under the mailbox rule on October 23, 2018, when he presented the pleadings to prison officials for electronic mailing to the court.[21]

Thus, under a correct and proper calculation, Odis's petition is timely filed.  The AEDPA requires a petitioner to bring his Section 2254 claim within one year of the date

---

[21]Id.; Rec. Doc. No. 1, p. 13.

his conviction became final.[22] <u>Duncan v. Walker</u>, 533 U.S. 167, 176-80 (2001). Odis's conviction was final under federal law on December 17, 2015, which was 90 days after the Louisiana Supreme Court denied his writ application on direct appeal. Pursuant to Section 2244, Odis had one year from that date, or until Monday, December 19, 2016,[23] to file a timely federal application for habeas corpus relief, which he did not do.

However, Section 2244(d)(2) also provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. 28 U.S.C. § 2244(d)(2). In addition, the timeliness consideration in

---

[22]The statute of limitations provision of the AEDPA under 28 U.S.C. § 2254(d) provides for other triggers which do not apply here:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[23]The last day of the filing period was Saturday, December 17, 2016, which by law to fell on the next business day, Monday, December 19, 2016. <u>See</u> La. Code Crim. P. art. 13; Fed. R. Civ. P. 6.

Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings filed by a prisoner.  Causey, 450 F.3d at 604-05.

Applying these standards, Odis allowed 335 days to pass between finality of his conviction on December 17, 2015, and the November 17, 2016, mailbox-rule filing of his state application for post-conviction relief.  This left 30 days remaining of the one-year AEDPA statute of limitations.

Odis's state court application for post-conviction relief remained pending and tolled the one-year AEDPA filing from November 17, 2016, through September 28, 2018, when the Louisiana Supreme Court denied his writ application.  The one-year AEDPA statute of limitations began to run again the next day, September 29, 2018, and did so for 24 days, until October 23, 2018, when Odis filed his federal petition under the applicable mailbox rule.  At that time, six days of the one-year AEDPA period remained. Therefore, Odis's petition was timely.  The State's limitations defense is rejected.

However, as correctly asserted by the State, two of Odis's claims are in procedural default and the remainder are meritless.  His petition for federal habeas corpus relief should be dismissed on those grounds.

IV.    PROCEDURAL DEFAULT (CLAIM NOS. 2 AND 3)

In his federal habeas petition, Odis asserts among other claims that the state trial court did not have jurisdiction to preside over his case and the sentence was excessive. On direct appeal, the Louisiana First Circuit declined to consider these claims because

neither had been preserved for appeal.  Specifically, the Louisiana First Circuit held that Odis was procedurally barred from challenging the excessiveness of his sentence because he failed to file a motion to reconsider the sentence, citing La. Code Crim. P. art. 881.1(E) and related state case law.[24]  The court similarly held that the jurisdiction/venue claim was waived and not preserved for appellate review, because venue had not been challenged by motion to quash in the state trial court as required under La. Code Crim. P. art. 615 and related state case law.[25]  This was the last reasoned decision on these claims.  See Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018) ("We hold that the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale . . . then presume that the unexplained decision adopted the same reasoning."); Ylst v. Nunnemaker, 501 U.S. 797, 802 (1991) (when the last state court judgment does not indicate whether it is based on procedural default, the federal court will presume that the state court has relied upon the same grounds as the last reasoned state court opinion.)

---

[24]Under Article 881.1(E), a motion to reconsider sentence is necessary to preserve an excessiveness claim for review on direct appeal. La. Code Crim. P. art. 881.1(E) ("[f]ailure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review."); State v. Adair, 875 So.2d 972, 974-975 (La. App. 5th Cir. 2004).

[25]Under Article 615, venue must be challenged by motion to quash filed in advance of trial. La. Code Crim. P. art. 615. It further provides that venue is not an element of the crime to be proven at trial. Id.

The State asserts in its opposition that Odis's excessive sentence and jurisdiction/venue claims were dismissed because they were not properly presented to (or preserved for review in) the Louisiana First Circuit on direct appeal. Although the State's opposition conflates the legal concepts of exhaustion and procedural default, the State clearly intended to assert a procedural bar defense to review of the claims and has <u>not</u> expressly waived procedural default as to these two claims.

The United States Fifth Circuit has held that when there is no <u>express</u> waiver, the district court may, in its discretion, address these affirmative defenses sua sponte. <u>Prieto v. Quarterman</u>, 456 F.3d 511, 518 (5th Cir. 2006) (citing <u>Magouirk v. Phillips</u>, 144 F.3d 348, 360 (5th Cir. 1998)) (addressing procedural default); <u>Day v. McDonough</u>, 547 U.S. 198, 209-10 (2006) (addressing limitations). When the court exercises its discretion to do so sua sponte, it must assure that the petitioner has notice that the issue is being considered. <u>Fisher v. Texas</u>, 169 F.3d 295, 301 (5th Cir.1999); <u>Magouirk</u>, 144 F.3d at 358. Therefore, I hereby give Odis express notice that the court is considering procedural default to whatever extent, if any, it is not already clearly asserted by the State. <u>Fisher</u>, 169 F.3d at 301; <u>Magouirk</u>, 144 F.3d at 358. Accordingly, **petitioner is hereby** **<u>specifically instructed that this report and recommendation is notice to him that this</u>** **<u>court is sua sponte raising the issue of procedural default and that petitioner must</u>** **<u>submit any evidence or argument concerning the default as part of any objections</u>** **<u>he may file to this report</u>**. <u>Magouirk</u>, 144 F.3d at 348.

11

Generally, a federal court will not review a question of federal law decided by a state court if the decision of that state court rests on a state ground that is both independent of the federal claim and adequate to support that judgment. <u>Coleman v. Thompson</u>, 501 U.S. 722, 731-32 (1991); <u>Glover v. Cain</u>, 128 F.3d 900, 902 (5th Cir. 1997); <u>Amos v. Scott</u>, 61 F.3d 333, 338 & n.10 (5th Cir. 1995) (citing <u>Harris v. Reed</u>, 489 U.S. 255, 260, 262 (1989)). This "independent and adequate state law" doctrine applies to both substantive and procedural grounds and affects federal review of claims that are raised on either direct or habeas review. <u>Amos</u>, 61 F.3d at 338.

Procedural default does not bar federal court review of a federal claim in a habeas petition unless the last state court to render a judgment in the case has clearly and expressly indicated that its judgment is independent of federal law and rests on a state procedural bar. <u>Harris</u>, 489 U.S. at 263; <u>Glover</u>, 128 F.3d at 902. The procedural bar also prevails over any alternative discussion of the merits of the claim by a state court. See <u>Robinson v. Louisiana</u>, 606 F. App'x 199, 203-04 (5th Cir. 2015) (citing <u>Woodfox v. Cain</u>, 609 F.3d 774, 796 (5th Cir. 2010)). In this case, the procedural rules cited by the Louisiana courts bar review of Odis's federal habeas claims.

12

A.    INDEPENDENT AND ADEQUATE

For the state law procedural bar to prevent review by this federal habeas court, the bar must be independent and adequate.  A procedural restriction is "independent" if the state court's judgment "clearly and expressly" indicates that it is independent of federal law and rests solely on a state procedural bar.  Amos, 61 F.3d at 338.  The United States Fifth Circuit has held that "[a] state court expressly and unambiguously bases its denial of relief on a state procedural default even if it alternatively reaches the merits of a [petitioner's] claim."  Fisher, 169 F.3d at 300.

To be "adequate," the state procedural rule must be strictly or regularly followed and evenhandedly applied to the majority of similar cases.  Walker v. Martin, 562 U.S. 307, 316-17 (2011); Glover, 128 F.3d at 902.  A state procedural rule "can be 'firmly established' and 'regularly followed,' - even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others." (citation omitted) Beard v. Kindler, 558 U.S. 53, 60-61 (2009).  The question of the adequacy of a state procedural bar is itself a federal question.  Beard, 558 U.S. at 60 (citing Lee v. Kemna, 534 U.S. 362, 375 (2002)).

The Louisiana courts relied on La. Code Crim. P. art. 881.1(E) to bar review of Odis's excessive sentence claim, because the claim was not first asserted in a motion to reconsider the sentence.  The state courts relied on La. Code Crim. P. art. 615 to bar review of the jurisdiction/venue claim because Odis failed to challenge venue by pretrial

13

motion to quash in the state trial court. Both articles are independent of federal law to prevent review of claims available to a defendant but inexcusably not asserted to the state trial court before the direct appeal.

Federal courts have repeatedly held that La. Code Crim. P. art. 881.1(E) and related state case law are regularly and evenhandedly applied by the Louisiana courts and therefore adequate to bar federal review of Odis's excessive sentence claim. Robinson v. Cain, No. 15-1551, 2016 WL 6902114, at *7 (E.D. La. Oct. 25, 2016), report adopted by, 2016 WL 6892870, at *1 (E.D. La. Nov. 23, 2016); Young v. Travis, No. 07-3542, 2011 WL 494811, at *7 (E.D. La. Jan. 13, 2011), report adopted by, 2011WL494802, at *1 (E.D. La. Feb. 4, 2011); Semien v. Warden, No. 08-162, 2009 WL 1393316, at *7 (W.D. La. May 12, 2009) (judgment adopting report and recommendation).

My research indicates that the Louisiana courts also regularly and evenhandedly apply La. Code Crim. P. art. 615 to bar review of venue challenges not preserved for appeal by filing a pretrial motion to quash. See, e.g., State v. Clark, 851 So.2d 1055, 1080 (La. 2003); State v. Ford, 232 So.3d 576, 584 (La. App. 1st Cir. 2017); State v. Thompson, 111 So.3d 580, 583 (La. App. 3d Cir. 2013); State v. Terry, 108 So.3d 126, 144 (La. App. 2d Cir. 2012); State v. Spiehler, No. 2012-KA-129, 2012 WL 4335872, at *5 (La. App. 1st Cir. Sep. 21, 2012); State v. Malbrough, 94 So.3d 933, 941 (La. App. 3d Cir. 2012). Therefore, I find that failure to comply with the procedural mandate imposed under La. Code Crim. P. art. 615 by filing a pretrial motion to quash is adequate

to bar review of Odis's jurisdiction/venue claim in this federal habeas court.  See also, McQueen v. Tanner, No. 10-3649, 2011 WL 692033, at *8 (E.D. La. Feb. 3, 2011), report and recommendation adopted by, 2011 WL 690532, at *1 (E.D. La. Feb. 18, 2011) (discussing the waiver of venue under La. Code Crim. P. art. 611 & 615); Thompson v. Vannoy, No. 17-873, 2018 WL 3404179, at *5 (W.D. La. Jun. 7, 2018), report and recommendation adopted by, 2018 WL 3383627, at *1 (W.D. La. Jul. 11, 2018) (same).

For these reasons, the state courts' rulings were based on Louisiana law establishing procedural requirements for the presentation of claims for review.  See Fisher, 169 F.3d at 300 (state courts' clear reliance on state procedural rule is determinative of the issue).  The state courts' reasons for dismissal of Odis's claims were therefore independent of federal law and adequate to bar review of his claims in this federal habeas court.

B.    CAUSE AND PREJUDICE

A federal habeas petitioner may be excepted from the procedural default rule only if he can show "cause" for his default and "prejudice" attributed it to or demonstrate that the federal court's failure to review the defaulted claim will result in a "fundamental miscarriage of justice."  Fisher, 169 F.3d at 301 (citing Magouirk, 144 F.3d at 359); Coleman, 501 U.S. at 748-50); Amos, 61 F.3d at 338-39 (citing Harris, 489 U.S. at 262; Engle v. Isaac, 456 U.S. 107, 129 (1982)).

To establish cause for a procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded his efforts to comply with the state's procedural rule.  Murray v. Carrier, 477 U.S. 478, 488 (1986).  The mere fact that petitioner or his counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default.  Id. at 486.

Odis has not offered any cause for his default that would excuse the procedural bar imposed by the Louisiana courts.  The record does not support a finding that any factor external to the defense prevented petitioner from asserting these claims in a procedurally proper manner.  The record reflects no action or inaction by the State which prevented him from properly asserting these claims in the state courts.

"The failure to show 'cause' is fatal to the invocation of the 'cause and prejudice' exception, without regard to whether 'prejudice' is shown."  Hogue v. Johnson, 131 F.3d 466, 497 (5th Cir. 1997) (citing Engle, 456 U.S. at 134 n.43).  Having failed to show an objective cause for his default, the court need not determine whether prejudice existed, and petitioner has not alleged any actual prejudice.  Ratcliff v. Estelle, 597 F.2d 474, 477 (5th Cir. 1979) (citing Lumpkin v. Ricketts, 551 F.2d 680, 681-82 (5th Cir. 1977)).

C.    <u>FUNDAMENTAL MISCARRIAGE OF JUSTICE</u>

A petitioner may avoid procedural bar only if a fundamental miscarriage of justice will occur if the merits of his claim are not reviewed.  <u>Hogue</u>, 131 F.3d at 497 (citing <u>Sawyer v. Whitley</u>, 505 U.S. 333, 339 (1992)).  To establish a fundamental miscarriage of justice, petitioner must provide this court with evidence that would support a "colorable showing of factual innocence."  <u>Kuhlmann v. Wilson</u>, 477 U.S. 436, 454 (1986); <u>accord</u> <u>Murray</u>, 477 U.S. at 496; <u>Glover</u>, 128 F.3d at 902.  To satisfy the factual innocence standard, petitioner must establish a fair probability that, considering all of the evidence now available, the trier of fact would have entertained a reasonable doubt as to the defendant's guilt.  <u>Campos v. Johnson</u>, 958 F. Supp. 1180, 1195 (W.D. Tex. 1997) (footnote omitted); <u>see</u> <u>Nobles</u>, 127 F.3d at 423 n.33 (actual innocence factor requires a showing by clear and convincing evidence that, "but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."). When the petitioner has not adequately asserted his actual innocence, his procedural default cannot be excused under the "fundamental miscarriage of justice" exception. <u>Glover</u>, 128 F.3d at 903.  Odis presents no new argument and the record contains nothing establishing his actual innocence on the underlying conviction.

For these reasons, Odis has failed to overcome the procedural bar to review of his excessive sentence and jurisdiction/venue claims in this federal court.  These claims must be dismissed with prejudice as procedurally defaulted.

17

V.    STANDARDS OF A MERITS REVIEW OF THE REMAINING CLAIMS

28 U.S.C. §§ 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law and mixed questions of fact and law in federal habeas corpus proceedings.  Nobles, 127 F.3d at 419-20 (citing 28 U.S.C. § 2254(b) and (c)).

Determinations of questions of fact by the state court are "presumed to be correct . . . and we will give deference to the state court's decision unless it 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'"  Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000) (quoting 28 U.S.C. § 2254(d)(2)).  The amended statute also codifies the "presumption of correctness" that attaches to state court findings of fact and the "clear and convincing evidence" burden placed on a petitioner who attempts to overcome that presumption.  28 U.S.C. § 2254(e)(1).

A state court's determination of questions of law and mixed questions of law and fact are reviewed under 28 U.S.C. § 2254(d)(1) and receive deference, unless the state court's decision "'was contrary to, or involved an unreasonable application of, clearly established [Supreme Court precedent.]'"  Penry v. Johnson, 215 F.3d 504, 507 (5th Cir. 2000) (quoting Miller v. Johnson, 200 F.3d 274, 280-81 (5th Cir. 2000)), aff'd in part, rev'd in part on other grounds, 532 U.S. 782 (2001) (brackets in original); Hill, 210 F.3d at 485.  The United States Supreme Court has clarified the Section 2254(d)(1) standard as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2000); Penry, 532 U.S. 782, 792-93 (2001) (citing Williams, 529 U.S. at 405-06, 407-08); Hill, 210 F.3d at 485. The "critical point" in determining the Supreme Court rule to be applied "is that relief is available under § 2254(d)(1)'s unreasonable-application clause if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no 'fairminded disagreement' on the question." White v. Woodall, 572 U.S. 415, 427 (2014) (citing Harrington v. Richter, 562 U.S. 86, 103 (2011); Knowles v. Mirzayance, 556 U.S. 111, 122 (2009)). "Thus, 'if a habeas court must extend a rationale before it can apply to the facts at hand,' then by definition the rationale was not 'clearly established at the time of the state-court decision.'" Id. at 426 (quoting Yarborough v. Alvarado, 541 U.S. 652, 666 (2004)).

"'[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [a Supreme Court case] incorrectly.'" Price v. Vincent, 538 U.S. 634, 641 (2003) (quoting Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002)) (citations omitted; brackets in original). Rather,

under the "unreasonable application" standard, "the only question for a federal habeas court is whether the state court's determination is objectively unreasonable." Neal v. Puckett, 286 F.3d 230, 246 (5th Cir. 2002). The burden is on the petitioner to show that the state court applied the precedent to the facts of his case in an objectively unreasonable manner. Price, 538 U.S. at 641 (quoting Woodford, 537 U.S. at 24-25); Wright v. Quarterman, 470 F.3d 581, 585 (5th Cir. 2006).

VI.   SUFFICIENT EVIDENCE (CLAIM NOS. 1 AND 4)

Odis alleges that the evidence was insufficient to prove that the sexual batteries occurred because the victim was not credible and her testimony was not corroborated by other evidence. Odis argues that the jury should not have believed or found credible the vague and non-specific testimony of the victim, A.D., in reaching the guilty verdict.

The Louisiana First Circuit considered this claim on direct appeal. Applying the standards set forth in Jackson and related state case law, the court held that the victim's testimony was sufficient to establish that the sexual batteries occurred. This was the last reasoned opinion on the claim. Wilson, 138 S. Ct. at 1192.

Odis asserted this claim again on state court post-conviction review, questioning the propriety of the state courts' application of Jackson. The state courts declined to review the claim as repetitive under La. Code Crim. P. art. 930.4(A). The procedural bar under Article 930.4(A) is not the kind of procedural bar that would prevent this federal habeas court from reviewing the claim. The bar instead precludes Louisiana courts from

review of a post-conviction claim already "fully litigated" on direct appeal. Bennett v. Whitley, 41 F.3d 1581 (5th Cir. 1994). The presumption is that the claims were not new or different from something previously litigated and resolved on appeal by the higher state courts. Id. at 1583. As a result, "the bar imposed by article 930.4(A) is not a procedural bar in the traditional sense, nor is it a decision on the merits." Id. A federal habeas court simply "look[s]-through" the ruling on collateral review and considers the findings and reasons in the direct appeal where the claims were first litigated. Id. at 1582-83. This federal habeas court is not barred from reviewing Odis's sufficiency of the evidence claim, which was addressed on the merits in state court on direct appeal.

Under Jackson, relied on by the state courts, a federal habeas court addressing a sufficiency of the evidence claim must determine, after viewing the evidence in the light most favorable to the prosecution, whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt.[26] Jackson,

---

[26]Louisiana law allows proof of a crime by both direct and circumstantial evidence. "The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." La. Rev. Stat. § 15:438. However, on federal habeas corpus review, the court does not apply this state law "reasonable hypothesis" standard, and instead must apply Jackson. Gilley v. Collins, 968 F.2d 465, 467 (5th Cir. 1992) (citing Schrader v. Whitley, 904 F.2d 282, 284 (5th Cir. 1990)). To the extent petitioner relies on Louisiana's circumstantial evidence rule itself, "[t]his is not a purely separate test from the Jackson standard to be applied instead of a sufficiency of the evidence test. . . . Ultimately, all evidence, both direct and circumstantial, must be sufficient under Jackson to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt." State v. Porretto, 468 So.2d 1142, 1146 (La. 1985); accord State v. Williams, 693 So.2d 204, 208 (La. App. 4th Cir. 1997). The reasonable hypothesis standard under state law is "just an evidentiary guide for the jury. If a rational trier of fact reasonably rejects the defendant's hypothesis of innocence, that hypothesis fails." State v. Maxie, 614 So.2d 1318, 1321 (La. App. 3d Cir. 1993); accord State v. Williams, 693 So.2d at 208. The appropriate standard for this court remains Jackson.

443 U.S. at 319; Williams v. Cain, 408 F. App'x 817, 821 (5th Cir. 2011); Perez v. Cain,

529 F.3d 588, 594 (5th Cir. 2008). Thus, to determine whether the commission of a

crime is adequately supported by the record, the court must review the substantive

elements of the crime as defined by state law. Perez, 529 F.3d at 594 (citing Jackson,

443 U.S. at 324 n.16).

The court's consideration of the sufficiency of the evidence extends only to what

was presented to the factfinder at trial. See McDaniel v. Brown, 558 U.S. 120, 131, 134

(2010) (recognizing that a reviewing court must consider the trial evidence as a whole

under Jackson); Johnson v. Cain, 347 F. App'x 89, 91 (5th Cir. 2009) (quoting Jackson,

443 U.S. at 324) (Jackson standard relies "upon the record evidence adduced at the

trial"). Review of the sufficiency of the evidence, however, does not include review of

the weight of the evidence or the credibility of the witnesses, because those

determinations are the exclusive province of the jury. United States v. Young, 107 F.

App'x 442, 443 (5th Cir. 2004) (citing United States v. Garcia, 995 F.2d 556, 561 (5th

Cir. 1993)); see Jackson, 443 U.S. at 319 (noting that it is the jury's responsibility "to

resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable

inferences from basic facts to ultimate facts"). All credibility choices and conflicting

inferences must be resolved in favor of the verdict. Ramirez v. Dretke, 398 F.3d 691,

695 (5th Cir. 2005).

A federal habeas court is <u>not</u> authorized to substitute its interpretation of the evidence or its view of the credibility of witnesses in place of the fact finder. <u>Weeks v. Scott</u>, 55 F.3d 1059, 1062 (5th Cir. 1995); <u>Alexander v. McCotter</u>, 775 F.2d 595, 598 (5th Cir. 1985). "The <u>Jackson</u> inquiry 'does not focus on whether the trier of fact made the correct guilt or innocence determination, but rather whether it made a rational decision to convict or acquit.'" <u>Santellan v. Cockrell</u>, 271 F.3d 190, 193 (5th Cir. 2001) (quoting <u>Herrera v. Collins</u>, 506 U.S. 390, 402 (1993)).

A claim of insufficient evidence presents a mixed question of law and fact. <u>Perez</u>, 529 F.3d at 594; <u>Maes v. Thomas</u>, 46 F.3d 979, 988 (10th Cir. 1995). Therefore, this court must examine whether the state courts' denial of relief was contrary to or an unreasonable application of United States Supreme Court precedent. <u>Miller</u>, 200 F.3d at 281.

At the time of the offense that is the subject of this case, sexual battery was defined by La. Rev. Stat. § 14:43.1(A) in relevant part as follows:

> . . . the intentional engaging in any of the following acts with another person where the offender acts without the consent of the victim, or where the act is consensual but the other person, who is not the spouse of the offender, has not yet attained fifteen years of age and is at least three years younger than the offender:
> (1) The touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender; or
> (2) The touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim.

23

Under Section 14:43.1(C)(2), the law also provided special penalty provisions for "[w]hoever commits the crime of sexual battery on a victim under the age of thirteen years when the offender is seventeen years of age or older." Louisiana law also provides that the credible testimony of the victim of a sex offense alone is sufficient to establish the elements of the offense, even when the state does not introduce medical, scientific or physical evidence to prove commission of the offense by the defendant. State v. Hampton, 716 So.2d 417, 418-21 (La. App. 1st Cir. 1998).

In this case, Odis concedes and the evidence established that he was over 17 years old when the incidents occurred.[27] The jury heard the testimony that A.D. was under 13 years old when the sexual incidents began at her home.[28] The jury also was shown a video recording of A.D.'s interview at the Child Advocacy Center ("CAC") during which she explained that Odis touched her vagina several times while she was 12 years old.[29] A.D. repeated at trial that, while she was 12 years old, Odis touched her vagina with his

---

[27]Rec. Doc. No. 1-1, p.11; St. Rec. Vol. 2 of 4, Trial Transcript, p. 39 (Detective Sean Scott), 10/23/13.

[28]St. Rec. Vol. 2 of 4, Trial Transcript, pp. 38, 44-45 (Detective Sean Scott), pp. 67-68 (A.D.), 10/23/13.

[29]St. Rec. Vol. 2 of 4, Trial Transcript, p. 59 (video shown), p. 101 (A.D.), 10/23/13. According to the Louisiana First Circuit, the video also included A.D.'s statement that Odis would have her put his penis back into his pants.

hands.[30]  She also testified that, about one year before she disclosed the abuse, Odis would sometimes stand in the bathroom to watch her shower.[31]

A.D. explained that, shortly before she finally told her mother, Odis fondled her vagina through her swimsuit when she passed him in the swimming pool.[32]  He told her brothers to leave the pool but prevented her from leaving so he could continue to fondle her vagina over her swimsuit.  She testified that this continued for about 10 minutes until her brothers returned to the pool area.

Odis argues that A.D.'s inability to remember the dates and times of the sexual batteries rendered her testimony unreliable for the jury to have found that the batteries actually occurred, rendering the jury's verdict unreasonable and the state courts' upholding of the verdict contrary to Jackson.  However, the Jackson inquiry "does not focus on whether the trier of fact made the correct guilt or innocence determination, but rather whether it made a rational decision to convict or acquit." Herrera, 506 U.S. at 402.  Thus, a conviction may constitutionally rest on sufficient evidence "even though the facts also support one or more reasonable hypotheses consistent with the defendant's claim of innocence." Gibson v. Collins, 947 F.2d 780, 783 (5th Cir.1991).

---

[30]Id. at pp. 67-68 (A.D.)

[31]Id. at p. 79 (A.D.), pp. 112-13 (W.D. - A.D.'s mother).

[32]Id. at pp. 96-97 (A.D.)

Both the prosecution and Odis's counsel recognized at trial that resolution of the charges against Odis would be determined on the victim's credibility. The jury heard testimony that there were no physical or medical findings or eyewitness testimony corroborating the abuse alleged by A.D.[33] Jurors also heard testimony about A.D.'s disappointment that Odis excluded her from things he did with her sister and that she did not like him living with her mother.[34] Defense counsel repeatedly questioned A.D. about her purported propensity to lie.[35] Despite these efforts, the jury clearly found A.D. credible and accepted her descriptions of her physical abuse.

The Supreme Court has made clear that it is not the province of the courts to second-guess the credibility determinations of a jury. "[A] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume - even if it does not affirmatively appear in the record - that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." Jackson, 443 U.S. at 326. The record in this case supports the jury's credibility determination as to A.D.'s testimony. The victim in this case never varied in her accusations and descriptions of the abuse, despite her history of childish lies about other unrelated and insignificant matters. It is noteworthy that the jury also heard testimony that Odis

---

[33]Id. at pp. 42-43 (Detective Scott); pp. 133 (Dr. Owen Grossman).

[34]Id. at pp. 78-79 (A.D.).

[35]Id. at pp. 77-82, 94-95 (A.D.).

previously was convicted of sexual battery of a juvenile under 13 by touching her vaginal area.[36]  The jury's decision to credit the child-victim and its finding that the elements of sexual battery were proven were well-within reason.  A.D.'s testimony was sufficient to prove that Odis intentionally touched her vagina without her consent and had her touch his penis before A.D. reached the age of 13.  It was reasonable for the state courts to uphold the verdict under the <u>Jackson</u> standards.  Odis has not shown that the state courts denial of relief was contrary to or an unreasonable application of <u>Jackson</u>.  He is not entitled to relief on this claim.

## V.    EFFECTIVE ASSISTANCE OF COUNSEL (CLAIM NOS. 5 AND 6)

Odis alleges that he received ineffective assistance of counsel because his trial and appellate counsel failed properly to argue insufficiency of the evidence under <u>Jackson</u>. He claims that counsel should have argued in the motion for post-verdict judgment of acquittal and on direct appeal that the jury's credibility determination was unsupported due to the unreliable testimony of the victim and lack of corroborating evidence.  Broadly construed, Odis's argument is that his trial counsel failed to impeach A.D. at trial and failed to request a limiting instruction for the jury to disregard A.D.'s false testimony. On post-conviction review, the state courts denied relief on these claims finding that Odis failed to prove his claim under the <u>Strickland</u> standards.

---

[36]State Record Volume 2 of 4, Trial Transcript, pp. 137-38, October 23, 2013 (Testimony of Probation Specialist John Barbera).

In <u>Strickland</u>, the United States Supreme Court established a two-part test for evaluating claims of ineffective assistance of counsel, requiring petitioner to prove both deficient performance and resulting prejudice. <u>Strickland</u>, 466 U.S. at 687. The Supreme Court first held that "the defendant must show that counsel's representation fell below an objective standard of reasonableness." <u>Id.</u> at 688. Second, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694; <u>United States v. Kimler</u>, 167 F.3d 889, 893 (5th Cir. 1999).

In deciding ineffective assistance of counsel claims, this court need not address both prongs of the conjunctive <u>Strickland</u> standard, but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test. <u>Kimler</u>, 167 F.3d at 893. A habeas corpus petitioner "need not show that 'counsel's deficient conduct more likely than not altered the outcome in the case.' But it is not enough, under <u>Strickland</u>, 'that the errors had some conceivable effect on the outcome of the proceeding.'" (citation omitted) <u>Motley v. Collins</u>, 18 F.3d 1223, 1226 (5th Cir. 1994) (quoting <u>Strickland</u>, 466 U.S. at 693); <u>see</u> <u>Harrington</u>, 562 U.S. at 112 (<u>Strickland</u> requires a "substantial" likelihood of a different result, not just a "conceivable" one.)

On habeas review, the United States Supreme Court has clarified that, under <u>Strickland</u>, "[t]he question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best

28

practices or most common custom." Harrington, 562 U.S. at 105 (quoting Strickland, 466 U.S. at 690). The Harrington Court went on to recognize the high level of deference owed to a state court's findings under Strickland in light of the AEDPA:

> The standards created by Strickland and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so. The Strickland standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

Id. at 105 (citations omitted).

Thus, scrutiny of counsel's performance under Section 2254(d) is "'doubly deferential.'" Cullen v. Pinholster, 563 U.S. 170, 190 (2011) (quoting Knowles, 556 U.S. at 123). This court must therefore apply the "strong presumption" that counsel's strategy and defense tactics fall "within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

Federal habeas courts presume that litigation strategy is objectively reasonable unless clearly proven otherwise by the petitioner. Id.; Geiger v. Cain, 540 F.3d 303, 309 (5th Cir. 2008); Moore v. Johnson, 194 F.3d 586, 591 (5th Cir. 1999). In assessing counsel's performance, a federal habeas court must make every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time of trial.

Strickland, 466 U.S. at 689; Neal, 286 F.3d at 236-37; Clark v. Johnson, 227 F.3d 273, 282-83 (5th Cir. 2000).  Tactical decisions when supported by the circumstances are objectively reasonable and do not amount to unconstitutionally deficient performance. Lamb v. Johnson, 179 F.3d 352, 358 (5th Cir. 1999) (citing Rector v. Johnson, 120 F.3d 551, 564 (5th Cir. 1997); Mann v. Scott, 41 F.3d 968, 983-84 (5th Cir. 1994)).

The Strickland standard for judging performance of counsel also applies to claims of ineffective appellate counsel.  Smith v. Robbins, 528 U.S. 259, 285 (2000); Goodwin v. Johnson, 132 F.3d 162, 170 (5th Cir. 1997).  To prevail on a claim that appellate counsel was constitutionally ineffective, a petitioner must show that his appellate counsel unreasonably failed to discover and assert a non-frivolous issue and establish a reasonable probability that he would have prevailed on this issue on appeal but for his counsel's deficient representation.  Briseno v. Cockrell, 274 F.3d 204, 207 (5th Cir. 2001); Smith, 528 U.S. at 285-86.  Effective appellate counsel are not required to assert every non-frivolous available ground for appeal.  Green v. Johnson, 160 F.3d 1029, 1043 (5th Cir. 1998) (citing Evitts v. Lucey, 469 U.S. 387, 394 (1985)).  On the contrary, the United States Supreme Court has long recognized that appellate counsel filing a merits brief need not and should not argue every non-frivolous claim; instead, appellate counsel may legitimately select from among them in the exercise of professional judgment to maximize the likelihood of success on appeal.  Jones v. Barnes, 463 U.S. 745, 751-52 (1983).  Appellate counsel has discretion to exclude even a non-frivolous issue if that

issue was unlikely to prevail.  See Anderson v. Quarterman, 204 F. App'x 402, 410 (5th

Cir. 2006) ("The issues that Anderson argues his counsel should have raised on direct

appeal . . . lack merit.  As such, failure to raise these issues did not prejudice

Anderson."); Penson v. Ohio, 488 U.S. 75, 83-84 (1988) (noting that courts have refused

to find counsel ineffective when the proposed appellate issues are meritless); Kossie v.

Thaler, 423 F. App'x 434, 437 (5th Cir. 2011) (recognizing the Supreme Court's basic

rule that the presumption that appellate counsel was effective will be overcome only

when the unasserted claims are stronger than those that were in fact raised).  Thus,

because one of appellate counsel's important duties is to focus on those arguments that

are most likely to succeed, counsel will not be found constitutionally ineffective for

failure to raise every conceivable issue.  Smith, 528 U.S. at 288; Jones, 463 U.S. at 754.

The issue of ineffective assistance of counsel is a mixed question of law and fact.

Strickland, 466 U.S. at 698; Clark v. Thaler, 673 F.3d 410, 416 (5th Cir. 2012);

Woodfox, 609 F.3d at 789.  Thus, under the AEDPA, this court must determine whether

the state courts' denial of relief was contrary to or an unreasonable application of

Supreme Court precedent.

A.    ASSERTION OF THE JACKSON ISSUE

Odis claims that his trial counsel and appellate counsel failed properly to argue

insufficiency of the evidence based on A.D.'s unreliable and uncorroborated testimony.

He contends that his counsel should have argued that the jury's credibility determination

was not entitled to deference under <u>Jackson</u>, and the evidence should not have been construed in favor of the prosecution because A.D. was not reliable.

As discussed above, <u>Jackson</u> is the appropriate Supreme Court precedent by which sufficiency of evidence must be considered. Under <u>Jackson</u>, neither Odis's counsel nor the state courts could disregard the credibility determinations made by the jury. <u>See</u> <u>Jackson</u>, 443 U.S. at 326; <u>Schlup v. Delo</u>, 513 U.S. 298, 330 (1995) ("[U]nder Jackson, the assessment of the credibility of witnesses is generally beyond the scope of review."); <u>Ramirez</u>, 398 F.3d at 695 ("All credibility choices and conflicting inferences are to be resolved in favor of the verdict."); <u>United States v. Loe</u>, 262 F.3d 427, 432 (5th Cir. 2001) (the jury "retains the sole authority to weigh any conflicting evidence and to evaluate the credibility of the witnesses."); <u>McCowin v. Scott</u>, No. 93-5340, 1994 WL 242581, at *2 (5th Cir. May 26, 1994) (A "challenge of the jury's credibility choice fails to satisfy the <u>Jackson</u> standard for habeas relief."). Instead, the insufficient evidence arguments asserted by Odis's trial and appellate counsel were limited by the Supreme Court's holding in <u>Jackson</u> and its progeny.

His counsel, therefore, had no legal grounds to base a motion for post-verdict judgment of acquittal or the direct appeal on a challenge to the credibility determinations made by the jury. His counsel's failure to base the motion or the appeal on a meritless argument "cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised

the issue." Kimmler, 167 F.3d at 893; see also Medellin v. Dretke, 371 F.3d 270, 279 (5th Cir. 2004) ("Because the claim . . . is without merit, the claim of ineffective assistance of counsel for not raising the issue on appeal is, likewise, without merit."); Smith v. Puckett, 907 F.2d 581, 585 n.6 (5th Cir. 1990) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim.").

For these reasons, Odis has failed to establish that his trial and appellate counsel were ineffective in not basing the insufficient evidence claim on a challenge to the credibility determinations made by the jury.  He has not established that the state courts' denial of relief was contrary to or an unreasonable application of Strickland.  He is not entitled to relief on this claim.

B.    IMPEACHMENT OF THE VICTIM

Odis claims that his trial counsel provided ineffective assistance because counsel failed to impeach A.D. or request that the jury be instructed to ignore A.D.'s unreliable testimony.  "The decision whether to cross-examine a witness, and if so, how vigorously to challenge the witness'[s] testimony, requires a quintessential exercise of professional judgment."  Ford v. Cockrell, 315 F. Supp.2d 831, 859 (W.D. Tex. 2004), aff'd, 135 F. App'x 769 (5th Cir. 2005).  Counsel's reasonable trial strategy is not judged on whether it was successful, but on whether a particular act or omission of counsel was unreasonable under the circumstances of the case.  Strickland, 466 U.S. at 689; see also Rodriguez v. Portuondo, No. 01-547, 2006 WL 2168314, at * 10 (S.D.N.Y. Aug. 1,

2006) ("not every failure to impeach a prosecution witness will support an ineffective assistance claim"). Odis has not demonstrated that his counsel's questioning of the victim was deficient or prejudicial.

The trial transcript reflects that Odis's counsel aggressively cross-examined A.D. in an effort to discredit her testimony and depict her as a liar who simply wanted Odis out of her home. His counsel questioned A.D. about her inability to remember when the incidents occurred, the time of day they occurred, or how long Odis lived with her mother.[37] His counsel questioned A.D. about her prior lies to her mother and sister and her jealousy over Odis's time and money spent on her sister.[38] His counsel had A.D. confirm that she did not like Odis living with her mother and wanted him out of the house by any means.[39]

His counsel's questioning of A.D. was so aggressive that it drew multiple, unsuccessful objections from the prosecutor.[40] The state trial court allowed the broad and "aggressive" questioning, because A.D.'s credibility was "critical" to the case for both sides.[41] The record demonstrates that Odis's counsel used all available means to

_____

[37]St. Rec. Vol. 2 of 4, Trial Transcript, pp. 70-71, 72 (A.D.), 10/23/13.

[38]Id., at pp. 77-80, 82-83, 94-95.

[39]Id., at pp. 78-79; pp. 94-95.

[40]Id. at pp. 81-82; see also, pp. 83-94.

[41]Id. at pp. 83-94.

challenge A.D.'s credibility.  The fact that the jury chose to credit the testimony of A.D. did not render counsel's performance ineffective.  <u>Martinez v. Dretke</u>, 99 F. App'x 538, 543 (5th Cir. 2004) ( "[An] unsuccessful strategy does not necessarily indicate constitutionally deficient counsel.").

In addition, there was no need for defense counsel to request a special or limiting instruction on the weight to be given to A.D.'s testimony by the jury.  The state trial court instructed the jury on its duty to "determine the weight and credibility of the evidence."[42]  The court instructed the jury that they were "the sole judges of the credibility of the witnesses and of the weight their testimony deserves . . .."[43]  The court advised the jury that they may consider a witness's "ability and opportunity to observe and <u>remember</u> the matter about which he or she testified, . . . and the extent to which the testimony is <u>supported or contradicted by other evidence</u>."[44] (emphasis added).  As to credibility, the court further instructed the jury that "[t]he testimony of the witness may be <u>discredited</u> by showing that <u>the witness will benefit</u> in some way by the defendant's conviction or acquittal, that the witness is prejudiced, or that the witness has any other

---

[42]St. Rec. Vol. 2 of 3, Trial Transcript, p. 57, 10/24/13.

[43]<u>Id.</u>

[44]<u>Id.</u>

reason or motive for <u>not telling the truth</u>."[45] (emphasis added). Odis has not indicated any other legally sound instruction that should have been requested by his counsel. The state trial court made clear to the jury that it was within its discretion to evaluate the weight and veracity of the witness testimony.

For these reasons, Odis has failed to establish that he received ineffective assistance of counsel. The state courts' denial of relief on this issue was not contrary to or an unreasonable application of <u>Strickland</u>. Odis is not entitled to relief on this claim.

## **RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that Christopher Odis's habeas corpus petition under 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v.</u>

---

[45]<u>Id.</u> at p. 60.

United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[46]

New Orleans, Louisiana, this _____11th_____ day of April, 2019.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[46]Douglass referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.