## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER ODIS,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-9877** |
| **DARREL VANNOY,**<br>    **Defendant** | **SECTION "E"(2)** |

## ORDER AND REASONS

Before the Court is a Report and Recommendation issued by Magistrate Judge Joseph C. Wilkinson, Jr. recommending Petitioner Christopher Odis's petition for federal habeas corpus relief be denied and dismissed with prejudice.[1] Petitioner objected to the magistrate judge's Report and Recommendation.[2] For the reasons that follow, the Court **ADOPTS** the Report and Recommendation as its own, and hereby **DENIES** Petitioner's application for relief.

## BACKGROUND

Petitioner is an inmate currently incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[3] On July 28, 2011, Petitioner was charged by bill of information in Lafourche Parish with sexual battery of A.D., a juvenile under age 13.[4] Petitioner was tried before a jury on October 22 through 24, 2013, and found guilty as charged.[5] At a November 21, 2013, hearing, the state trial court denied Petitioner's motion for post-

---

[1] R. Doc. 12.
[2] R. Doc. 13.
[3] R. Doc. 1.
[4] St. Rec. Vol. 1 of 4, Bill of Information, 7/28/11. Pursuant to La. Rev. Stat. § 46:1844(W), family and a minor victims of sex crimes are referred to by their initials. This Court will do the same
[5] St. Rec. Vol. 1 of 4, Trial Minutes, 10/22/13; Trial Minutes, 10/23/13; Trial Minutes, 10/24/13. Trial Transcript, 10/22/13; St. Rec. Vol. 2 of 4, Trial Transcript, 10/23/13; Trial Transcript, 10/24/13. The matter was first called to trial on January 29, 2013, but Petitioner failed to appear. St. Rec. Vol. 2 of 4, Trial Transcript, 1/29/13.

verdict judgment of acquittal based on sufficiency of the evidence.[6] After waiver of legal delays, the court sentenced Petitioner that same day to serve 75 years in prison, with the first 25 years to be served without benefit of parole, probation or suspension of sentence.[7]

On direct appeal, Petitioner's appointed counsel asserted two errors: (1) the State failed to present sufficient evidence to uphold the conviction and (2) the state trial court imposed an excessive sentence.[8] Petitioner filed a pro se supplemental brief asserting that the state trial court was without jurisdiction and not the proper venue, because the alleged crime occurred in Terrebonne Parish.[9] On November 7, 2014, the Louisiana First Circuit affirmed Petitioner's conviction and sentence, finding meritless the insufficient evidence claim and finding the other claims procedurally barred from review.[10] On September 18, 2015, the Louisiana Supreme Court denied Petitioner's writ application.[11] Petitioner did not file a writ application with the United States Supreme Court.[12]

On November 17, 2016, Petitioner submitted to the state trial court an application for post-conviction relief in which he asserted the following claims: (1) the state courts misapplied *Jackson v. Virginia*, 443 U.S. 307 (1979); (2) Petitioner received ineffective assistance of counsel because his trial and appellate counsel incorrectly argued the insufficient evidence claim; (3) Petitioner received ineffective assistance when his trial counsel failed to impeach the victim or seek a limiting instruction to the jury.[13] On

---

[6] St. Rec. Vol. 1 of 4, Sentencing Minutes, 11/21/13; Motion for Post-Verdict Judgment of Acquittal, 10/29/13; St. Rec. Vol. 2 of 4, Sentencing Transcript, 11/21/13.

[7] St. Rec. Vol. 1 of 4, Sentencing Minutes, 11/21/13; St. Rec. Vol. 2 of 4, Sentencing Transcript, 11/21/13.

[8] St. Rec. Vol. 4 of 4, Appeal Brief, 2014-KA-0534, 5/19/14.

[9] St. Rec. Vol. 4 of 4, Supplemental Pro Se Appeal Brief, 2014-KA-0534, 7/16/14.

[10] *State v. Odis,* No. 2014-K-0534, 2014 WL 5801507, at *1 (La. App. 1st Cir. Nov. 7, 2014); St. Rec. Vol. 2 of 4, 1st Cir. Opinion, 2014-K-0534, 11/7/14.

[11] *State v. Odis*, 182 So.3d 21 (La. 2015); St. Rec. Vol. 2 of 4, La. S. Ct. Order, 2014-KO-2524, 9/18/15; La. S. Ct. Letter, 2014-KO-2524, 12/3/14; St. Rec. Vol. 3 of 4, La. S. Ct. Writ Application (copy), 2014-KO-2254, dated 11/25/14.

[12] R. Doc. 12 at 3.

[13] St. Rec. Vol. 2 of 4, Application for Post-Conviction Relief, 11/22/16 (dated 11/17/16).

January 11, 2017, the state trial court denied relief, holding that the insufficient evidence claim and related arguments throughout the petition were procedurally barred as repetitive of the claim addressed on direct appeal.[14] The court also found meritless the ineffective assistance claims, because trial counsel fully questioned the victim and the jury was properly instructed to assess the credibility and weight of the evidence.[15] On March 20, 2017, the Louisiana First Circuit denied Petitioner's writ application.[16] On September 28, 2018, the Louisiana Supreme denied Petitioner's writ application, finding Petitioner's ineffective assistance of counsel claims meritless under *Strickland v. Washington*, 466 U.S. 668 (1984), and his insufficient evidence claim repetitive under La. Code Crim. P. art. 930.4.[17]

On October 23, 2018, the Clerk of this Court filed Petitioner's petition for federal habeas corpus relief, wherein Petitioner asserts the following grounds for relief: (1) the evidence was insufficient to support the conviction; (2) the sentence was excessive; (3) the state trial court did not have jurisdiction because it was not the proper venue; (4) the state courts misapplied Jackson to the insufficient evidence claim; (5) Petitioner received ineffective assistance of trial and appellate counsel on the sufficiency of the evidence claim; (6) Petitioner received ineffective assistance when trial counsel failed to discredit the victim.[18] The State filed a response in opposition to Petitioner's federal petition asserting that his federal habeas petition was not timely filed, two of the claims are

---

[14] St. Rec. Vol. 2 of 4, Trial Court Order, 1/11/17.
[15] *Id.*
[16] *State v. Odis*, No. 2017-KW-0176, 2017 WL 1064747, at *1 (La. App. 1st Cir. Mar. 20, 2017); St. Rec. Vol. 3 of 4, 1st Cir. Order, 2017-KW-0176, 3/20/17. The State failed to include a copy of the writ application. The Louisiana First Circuit's records reflect that it was filed on February 8, 2017.
[17] *State ex rel. Odis v. State*, 253 So.3d 138 (La. 2018); St. Rec. Vol. 3 of 4, La. S. Ct. Order, 2017-KH-0857, 9/28/18; La. S. Ct. Letter, 2017-KH-851, 5/25/17 (showing postal mailing 4/12/17).
[18] R. Doc. 1.

procedurally improper and the remaining claims are meritless.[19] In his reply, Petitioner argues the State failed to apply the mailbox rule which would render his federal petition timely, and the State's procedural challenge to his jurisdiction claim should be overruled because the state courts should have reconsidered the evidence demonstrating the location of the alleged incidents.[20] The Magistrate Judge's Report and Recommendation was filed on April 11, 2019.[21] Petitioner filed an objection thereto on May 6, 2019.[22]

## ANALYSIS

### I.    Standard of Review

In reviewing the magistrate judge's Report and Recommendations, the Court must conduct a de novo review of any of the magistrate judge's conclusions to which a party has specifically objected.[23] As to the portions of the report that are not objected to, the Court needs only review those portions to determine whether they are clearly erroneous or contrary to law.[24]

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a threshold question is whether the petition is timely and whether petitioner's claims were adjudicated on the merits in state court, *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.[25] With respect to merits review of a petitioner's claims, state court's purely factual determinations are presumed to be correct and a federal court will give deference to the state court's decision

---

[19] R. Doc. 10.
[20] R. Doc. 11.
[21] R. Doc. 12.
[22] R. Doc. 13.
[23] *See* 28 U.S.C. § 636(b)(1) ("[A] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which an objection is made.").
[24] *Id.*
[25] *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[26]

A federal court must defer to the decision of the state court on the merits of a pure question of law or a mixed question of law and fact unless that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[27] A state court's decision is contrary to clearly established federal law if: "(1) the state court applies a rule that contradicts the governing law announced in Supreme Court cases, or (2) the state court decides a case differently than the Supreme Court did on a set of materially indistinguishable facts."[28] "'[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [a Supreme Court case] incorrectly.'"[29] Instead, under the "unreasonable application" standard, "the only question for a federal habeas court is whether the state court's determination is objectively unreasonable."[30] The burden is on the petitioner to show that the state court applied the precedent to the facts of his case in an objectively unreasonable manner.[31]

## II.    Timeliness

The parties dispute the timeliness of Petitioner's federal application for habeas corpus relief.[32] To determine when Petitioner's federal habeas corpus petition was filed,

---

[26] 28 U.S.C. § 2254(d)(2)

[27] *Id.* § 2254(d)(1).

[28] *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000).

[29] *Price v. Vincent*, 538 U.S. 634, 641 (2003) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002)) (citations omitted; brackets in original)

[30] *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002).

[31] *Price*, 538 U.S. at 641 (quoting *Woodford*, 537 U.S. at 24-25); *Wright v. Quarterman*, 470 F.3d 581, 585 (5th Cir. 2006).

[32] R. Docs. 1 and 10.

courts apply the mailbox rule.[33,34] Under the mailbox rule, a petitioner's federal petition is filed when he places it in the prison mail system.[35] In this case, Petitioner's federal petition was filed on October 23, 2018.

The AEDPA provides "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."[36] The limitation period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[37] "When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court."[38] In this case, Petitioner's conviction became final ninety days after the Louisiana Supreme Court denied his writ application on September 18, 2015, as Petitioner did not file a writ application with the United States Supreme Court. Thus, Petitioner's application became final on December 17, 2015,[39] and Petitioner had one year from that date, or until Monday, December 19, 2016,[40] to file a timely federal application for habeas corpus relief.

The one-year period of limitation is subject to tolling in certain instances. For example, the AEDPA expressly allows the one-year limitations period to be interrupted in

---

[33] *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006).
[34] The State failed to apply the mailbox rule as required under the AEDPA in calculating the timeliness of Petitioner's pleading.
[35] *See id.* at 607.
[36] 28 U.S.C. § 2244(d)(1).
[37] *Id.* § 2244(d)(1)(A); *Duncan v. Walker*, 533 U.S. 167, 176-80 (2001).
[38] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) (citing *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003)).
[39] The State's finality calculation on December 18, 2015, is incorrect. See R. Doc. No. 10 at 5.
[40] The last day of the filing period was Saturday, December 17, 2016, which by law to fell on the next business day, Monday, December 19, 2016. *See* La. Code Crim. P. art. 13; Fed. R. Civ. P. 6.

the following way: "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."[41] A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'"[42] The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings filed by a prisoner.[43] In this case, the one-year limitations period was tolled when Petitioner filed his state application for post-conviction relief on November 17, 2016. Because Petitioner filed the state application 335 days after his conviction became final on December 17, 2015, at that point 30 days remained on the AEDPA statute of limitations. Petitioner's state application remained pending through September 28, 2018, when the Louisiana Supreme Court denied his writ application. The one-year AEDPA statute of limitations began to run again the next day, September 29, 2018, and did so for 24 days, until October 23, 2018, when Petitioner filed his federal petition under the applicable mailbox rule. At that time, six days of the one-year AEDPA period remained. Therefore, Petitioner's federal petition was timely filed. However, as explained further below, two of Petitioner's claims are in procedural default and the rest are meritless.

## III.   Procedural Default (Claim Nos. 2 and 3)

In his federal petition, Petitioner argues the state trial court did not have jurisdiction to preside over his case and the sentence was excessive.[44] The State appears

---

[41] *Id.* § 2244(d)(2).

[42] *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d 303, 310 (5th Cir. 2000) (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999)) (finding that a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

[43] *Causey*, 450 F.3d at 604-05.

[44] R. Doc. 1 at 14-20.

to argue Petitioner's second and third claims are procedurally barred.[45] Even if it were unclear whether the State argues Petitioner's second and third claims are procedurally barred, pursuant to Fifth Circuit precedent[46] the Magistrate Judge gave Petitioner express notice in the Report and Recommendation that the Court is considering procedural default:

> **[P]etitioner is hereby specifically instructed that this report and recommendation is notice to him that this court is sua sponte raising the issue of procedural default and that petitioner must submit any evidence or argument concerning the default as part of any objections he may file to this report.[47]**

In his objection to the Report and Recommendation, Petitioner addresses the procedural default issue, and argues his two claims are not procedurally barred.[48]

Generally, a federal court will not review a question of federal law decided by a state court if the decision of that state court rests on a state ground that is both independent of the federal claim and adequate to support that judgment.[49] This "independent and adequate state law" doctrine applies to both substantive and procedural grounds and affects federal review of claims that are raised on either direct or habeas review.[50]

Procedural default does not bar federal court review of a federal claim in a habeas petition unless the last state court to render a judgment in the case has clearly and

---

[45] The State asserts in its opposition that Petitioner's excessive sentence and jurisdiction/venue claims were dismissed because they were not properly presented to (or preserved for review in) the Louisiana First Circuit on direct appeal. R. Doc. 10. Although the State's opposition conflates the legal concepts of exhaustion and procedural default, it is clear the State intended to assert a procedural bar defense to review of the claims and has not expressly waived procedural default as to these two claims.
[46] *Fisher v. Texas*, 169 F.3d 295, 301 (5th Cir. 1999); *Magouirk v. Phillips*, 144 F.3d 348, 358 (5th Cir. 1998).
[47] R. Doc. 12 at 11 (emphasis in original).
[48] R. Doc. 13 at 4-6.
[49] *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997); *Amos v. Scott*, 61 F.3d 333, 338 & n.10 (5th Cir. 1995) (citing *Harris v. Reed*, 489 U.S. 255, 260, 262 (1989)).
[50] *Amos*, 61 F.3d at 338.

expressly indicated that its judgment is independent of federal law and rests on a state procedural bar.[51] The procedural bar also prevails over any alternative discussion of the merits of the claim by a state court.[52]

Where the last state court to render a judgment in the case is not reasoned, "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale . . . then presume that the unexplained decision adopted the same reasoning."[53] Accordingly, the Court looks to the opinion of the Louisiana First Circuit on direct appeal, as this was the last reasoned decision on Petitioner's second and third claims. The Louisiana First Circuit declined to consider these two claims because neither had been preserved for appeal. Specifically, the Louisiana First Circuit held Petitioner was procedurally barred from challenging the excessiveness of his sentence because he failed to file a motion to reconsider the sentence, citing La. Code Crim. P. art. 881.1(E).[54,55] The court similarly held the jurisdiction/venue claim was waived and not preserved for appellate review, because venue had not been challenged by motion to quash in the state trial court as required under La. Code Crim. P. art. 615.[56]

In this case, the procedural rules cited by the Louisiana courts bar review of

---

[51] *Harris*, 489 U.S. at 263; *Glover*, 128 F.3d at 902.

[52] *See Robinson v. Louisiana*, 606 F. App'x 199, 203-04 (5th Cir. 2015) (citing *Woodfox v. Cain*, 609 F.3d 774, 796 (5th Cir. 2010)).

[53] *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

[54] *State v. Odis,* No. 2014-K-0534, 2014 WL 5801507, at *1 (La. App. 1st Cir. Nov. 7, 2014); St. Rec. Vol. 2 of 4, 1st Cir. Opinion, 2014-K-0534, 11/7/14.

[55] Under Article 881.1(E), a motion to reconsider sentence is necessary to preserve an excessiveness claim for review on direct appeal. La. Code Crim. P. art. 881.1(E) ("[f]ailure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review."); *State v. Adair*, 875 So.2d 972, 974-975 (La. App. 5th Cir. 2004).

[56] *State v. Odis,* No. 2014-K-0534, 2014 WL 5801507, at *1 (La. App. 1st Cir. Nov. 7, 2014); St. Rec. Vol. 2 of 4, 1st Cir. Opinion, 2014-K-0534, 11/7/14.

Petitioner's federal habeas claims.

## A.    Independent and Adequate

A procedural restriction is "independent" if the state court's judgment "clearly and expressly" indicates that it is independent of federal law and rests solely on a state procedural bar.[57] The Fifth Circuit has held that "[a] state court expressly and unambiguously bases its denial of relief on a state procedural default even if it alternatively reaches the merits of a [petitioner's] claim."[58]

To be "adequate," the state procedural rule must be strictly or regularly followed and evenhandedly applied to the majority of similar cases.[59] A state procedural rule "can be firmly established and regularly followed—even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others."[60] The question of the adequacy of a state procedural bar is "itself a question of federal law."[61]

The Louisiana courts relied on La. Code Crim. P. art. 881.1(E) to bar review of Petitioner's excessive sentence claim, because the claim was not first asserted in a motion to reconsider the sentence. The state courts relied on La. Code Crim. P. art. 615 to bar review of the jurisdiction/venue claim because Petitioner failed to challenge venue by pretrial motion to quash in the state trial court. The Court agrees with the Magistrate Judge's determination that "[b]oth articles are independent of federal law to prevent review of claims available to a defendant but inexcusably not asserted to the state trial court before the direct appeal."[62]

Federal courts have repeatedly held that La. Code Crim. P. art. 881.1(E) and related state case law are regularly and evenhandedly applied by the Louisiana courts and therefore

---

[57] *Amos*, 61 F.3d at 338.
[58] *Fisher*, 169 F.3d at 300.
[59] *Walker v. Martin*, 562 U.S. 307, 316-17 (2011); *Glover*, 128 F.3d at 902.
[60] *Beard v. Kindler*, 558 U.S. 53, 60-61 (2009) (internal quotation marks and citation omitted).
[61] *Id.* at 60 (citing *Lee v. Kemna*, 534 U.S. 362, 375 (2002)).
[62] R. Doc. 12 at 14.

adequate to bar federal review of Petitioner's excessive sentence claim.[63] The Magistrate Judge stated his "research indicates that the Louisiana courts also regularly and evenhandedly apply La. Code Crim. P. art. 615 to bar review of venue challenges not preserved for appeal by filing a pretrial motion to quash."[64] The Court agrees with the Magistrate Judge's finding, and accordingly holds failure to comply with the procedural mandate imposed under La. Code Crim. P. art. 615 by filing a pretrial motion to quash is adequate to bar review of Petitioner's jurisdiction/venue claim in this federal habeas court.[65]

Because the state courts' rulings were based on Louisiana law establishing procedural requirements for the presentation of claims for review,[66] the state courts' reasons for dismissal of Petitioner's claims were therefore independent of federal law and adequate to bar review of his claims in this federal habeas court.

### B.    Cause and Prejudice

A federal habeas petitioner may be excepted from the procedural default rule only if he can show "cause" for his default and "prejudice" attributed it to or demonstrate that the federal court's failure to review the defaulted claim will result in a "fundamental miscarriage of justice."[67] "Cause" under the cause and prejudice test "must be something *external* to the

---

[63] *Robinson v. Cain*, No. 15-1551, 2016 WL 6902114, at *7 (E.D. La. Oct. 25, 2016), *report adopted by*, 2016 WL 6892870, at *1 (E.D. La. Nov. 23, 2016); *Young v. Travis*, No. 07-3542, 2011 WL 494811, at *7 (E.D. La. Jan. 13, 2011), *report adopted by*, 2011 WL494802, at *1 (E.D. La. Feb. 4, 2011); *Semien v. Warden*, No. 08-162, 2009 WL 1393316, at *7 (W.D. La. May 12, 2009) (judgment adopting report and recommendation).

[64] R. Doc. 12 at 14 (citing *State v. Clark*, 851 So.2d 1055, 1080 (La. 2003); *State v. Ford*, 232 So.3d 576, 584 (La. App. 1st Cir. 2017); *State v. Thompson*, 111 So.3d 580, 583 (La. App. 3d Cir. 2013); *State v. Terry*, 108 So.3d 126, 144 (La. App. 2d Cir. 2012); *State v. Spiehler*, No. 2012-KA-129, 2012 WL 4335872, at *5 (La. App. 1st Cir. Sep. 21, 2012); *State v. Malbrough*, 94 So.3d 933, 941 (La. App. 3d Cir. 2012))).

[65] *See also, McQueen v. Tanner*, No. 10-3649, 2011 WL 692033, at *8 (E.D. La. Feb. 3, 2011), *report and recommendation adopted by*, 2011 WL 690532, at *1 (E.D. La. Feb. 18, 2011) (discussing the waiver of venue under La. Code Crim. P. art. 611 & 615); *Thompson v. Vannoy*, No. 17-873, 2018 WL 3404179, at *5 (W.D. La. Jun. 7, 2018), *report and recommendation adopted by*, 2018 WL 3383627, at *1 (W.D. La. Jul. 11, 2018) (same).

[66] *See Fisher*, 169 F.3d at 300 (state courts' clear reliance on state procedural rule is determinative of the issue).

[67] *Id.* at 301 (citing *Magouirk*, 144 F.3d at 359); *Coleman*, 501 U.S. at 748-50; *Amos*, 61 F.3d at 338-39 (citing *Harris*, 489 U.S. at 262; *Engle v. Isaac*, 456 U.S. 107, 129 (1982))).

petitioner, something that cannot fairly be attributed to him."[68] "[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default."[69] Petitioner has not offered any cause for his default, in his objection to the Report in Recommendation or elsewhere, and the Court agrees with the Magistrate Judge's finding that "[t]he record does not support a finding that any factor external to the defense prevented petitioner from asserting these claims in a procedurally proper manner."[70] Because "[t]he failure to show 'cause' is fatal to the invocation of the 'cause and prejudice' exception, without regard to whether 'prejudice' is shown,"[71] the Court need not determine whether prejudice existed.[72] In any event, Petitioner has not alleged any actual prejudice.

### C.    Fundamental Miscarriage of Justice

To establish a fundamental miscarriage of justice, petitioner must provide this court with evidence that would support a "colorable showing of factual innocence."[73] To satisfy the factual innocence standard, a petitioner must establish a fair probability that, considering all of the evidence now available, the trier of fact would have entertained a reasonable doubt as to the defendant's guilt.[74] When the petitioner has not adequately asserted his actual innocence, his procedural default cannot be excused under the "fundamental miscarriage of justice" exception.[75] Petitioner has not offered any actual innocence argument, in his objection to the Report and Recommendation or elsewhere, and the Court agrees with the

---

[68] *Coleman*, 501 U.S. at 753 (citing *Murray v. Carrier*, 106 S. Ct. 2639, 2645 (1986)) (emphasis in original).
[69] *Murray*, 106 S. Ct. at 2644.
[70] R. Doc. 12 at 16.
[71] *Hogue v. Johnson*, 131 F.3d 466, 497 (5th Cir. 1997) (citing *Engle*, 456 U.S. at 134 n.43).
[72] *Ratcliff v. Estelle*, 597 F.2d 474, 477 (5th Cir. 1979) (citing *Lumpkin v. Ricketts*, 551 F.2d 680, 681-82 (5th Cir. 1977))
[73] *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986); *accord Murray*, 477 U.S. at 496; *Glover*, 128 F.3d at 902.
[74] *Campos v. Johnson*, 958 F. Supp. 1180, 1195 (W.D. Tex. 1997) (footnote omitted); *see Nobles*, 127 F.3d at 423 n.33 (actual innocence factor requires a showing by clear and convincing evidence that, "but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.").
[75] *Glover*, 128 F.3d at 903.

Magistrate Judge's finding that "the record contains nothing establishing his actual innocence on the underlying conviction."[76]

Accordingly, Petitioner has failed to overcome the procedural bar to review of his excessive sentence and jurisdiction/venue claims in this federal court and these claims must be dismissed with prejudice as procedurally defaulted.

## IV. Sufficient Evidence (Claim Nos. 1 and 4)

The court's consideration of the sufficiency of the evidence extends only to what was presented to the factfinder at trial.[77] Review of the sufficiency of the evidence, however, does not include review of the (1) weight of the evidence or (2) the credibility of the witnesses, because those determinations are the exclusive province of the jury.[78] All credibility choices and conflicting inferences must be resolved in favor of the verdict.[79] A federal habeas court is not authorized to substitute its interpretation of the evidence or its view of the credibility of witnesses in place of the fact finder.[80] A claim of insufficient evidence presents a mixed question of law and fact.[81] Accordingly, the Court must examine whether the state courts' denial of relief was contrary to or an unreasonable application of United States Supreme Court precedent.[82]

Petitioner argues the evidence was insufficient to prove the sexual batteries occurred because the victim was not credible and her testimony was not corroborated by other evidence.[83] Petitioner further argues the jury should not have believed or found credible the

---

[76] R. Doc. 12 at 17.
[77] *McDaniel v. Brown*, 558 U.S. 120, 131, 134 (2010).
[78] *United States v. Young*, 107 F. App'x 442, 443 (5th Cir. 2004) (citing *United States v. Garcia*, 995 F.2d 556, 561 (5th Cir. 1993)).
[79] *Ramirez v. Dretke*, 398 F.3d 691, 695 (5th Cir. 2005).
[80] *Weeks v. Scott*, 55 F.3d 1059, 1062 (5th Cir. 1995).
[81] *Perez*, 529 F.3d at 594; *Maes v. Thomas*, 46 F.3d 979, 988 (10th Cir. 1995).
[82] *Miller v. Johnson,* 200 F.3d 274, 281 (5th Cir. 2000).
[83] R. Doc. 1-1 at 5.

vague and non-specific testimony of the victim, A.D., in reaching the guilty verdict.[84] Petitioner repeats these arguments in his objection to the Report and Recommendation.[85]

The Louisiana First Circuit considered Petitioner's insufficient evidence claim on direct appeal. Applying the standards set forth in *Jackson* and related state case law, the court held that the victim's testimony was sufficient to establish that the sexual batteries occurred.[86] This was the last reasoned opinion on the claim.[87] Petitioner asserted this claim again on state court post-conviction review, questioning the state courts' application of *Jackson*. The state courts declined to review the claim as repetitive under La. Code Crim. P. art. 930.4(A).[88] This article precludes Louisiana courts from review of a post-conviction claim already "fully litigated" on direct appeal.[89],[90] A federal habeas court simply "look[s]-through" the ruling on collateral review and considers the findings and reasons in the direct appeal where the claims were first litigated.[91]

The state courts relied on *Jackson* to deny Petitioner's sufficiency of the evidence claims. Under *Jackson*, a federal habeas court addressing a sufficiency of the evidence claim must determine, after viewing the evidence in the light most favorable to the prosecution, whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt.[92] "The *Jackson* inquiry 'does not focus on whether the trier of fact made the correct guilt or innocence determination, but rather whether it made a

---

[84] *Id.* at 15.
[85] R. Doc. 13 at 2-4.
[86] *State v. Odis,* No. 2014-K-0534, 2014 WL 5801507, at *1 (La. App. 1st Cir. Nov. 7, 2014); St. Rec. Vol. 2 of 4, 1st Cir. Opinion, 2014-K-0534, 11/7/14.
[87] *Wilson*, 138 S. Ct. at 1192.
[88] *State ex rel. Odis v. State*, 253 So.3d 138 (La. 2018); St. Rec. Vol. 3 of 4, La. S. Ct. Order, 2017-KH-0857, 9/28/18; La. S. Ct. Letter, 2017-KH-851, 5/25/17 (showing postal mailing 4/12/17).
[89] *Bennett v. Whitley*, 41 F.3d 1581 (5th Cir. 1994).
[90] The Court notes the procedural bar under Article 930.4(A) is not the kind of procedural bar that would prevent this federal habeas court from reviewing the claim.
[91] *Bennett*, 41 F.3d at 1583.
[92] *Jackson*, 443 U.S. at 319; *Williams v. Cain*, 408 F. App'x 817, 821 (5th Cir. 2011); *Perez v. Cain*, 529 F.3d 588, 594 (5th Cir. 2008).

rational decision to convict or acquit.'"[93] To determine whether the commission of a crime is adequately supported by the record, the court must review the substantive elements of the crime as defined by state law.[94]

At the time of the offense that is the subject of this case, sexual battery was defined by La. Rev. Stat. § 14:43.1(A) in relevant part:

> [T]he intentional engaging in any of the following acts with another person where the offender acts without the consent of the victim, or where the act is consensual but the other person, who is not the spouse of the offender, has not yet attained fifteen years of age and is at least three years younger than the offender:
>
>> (1) The touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender; or
>>
>> (2) The touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim.[95]

Under § 14:43.1(C)(2), the law also provided special penalty provisions for "[w]hoever commits the crime of sexual battery on a victim under the age of thirteen years when the offender is seventeen years of age or older."[96] Further, Louisiana law provides the credible "testimony of the victim alone is sufficient to prove the elements of the offense."[97]

For the sake of clarity, the Court briefly reviews the evidence presented to the jury at trial:

- Petitioner conceded, and the evidence established, he was over 17 years old when the incidents occurred[98];

- Detective Sean Scott testified A.D. was under 13 years old when the sexual incidents began at her home[99];

---

[93] *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) (quoting *Herrera v. Collins*, 506 U.S. 390, 402 (1993)).

[94] *Perez*, 529 F.3d at 594 (citing *Jackson*, 443 U.S. at 324 n.16).

[95] La. Rev. Stat. § 14:43.1(A) (effective Aug. 15, 2008 to Aug. 14, 2011).

[96] *Id.* § 14:43.1(C)(2).

[97] *State v. Hampton*, 716 So.2d 417, 418-21 (La. App. 1st Cir. 1998).

[98] Rec. Doc. No. 1-1, p.11; St. Rec. Vol. 2 of 4, Trial Transcript, p. 39 (Detective Sean Scott), 10/23/13.

[99] St. Rec. Vol. 2 of 4, Trial Transcript, pp. 38, 44-45 (Detective Sean Scott), pp. 67-68 (A.D.), 10/23/13.

- A video recording of A.D.'s interview at the Child Advocacy Center ("CAC") was shown. During this interview, A.D. explained Petitioner touched her vagina several times while she was 12 years old[100];

- A.D. testified at trial that while she was 12 years old, Petitioner touched her vagina with his hands[101] and that about one year before she disclosed the abuse, Petitioner would at times stand in the bathroom to watch her shower[102];

- A.D. testified that shortly before she finally told her mother, Petitioner fondled her vagina through her swimsuit when she passed him in the swimming pool, told her brothers to leave the pool but prevented her from leaving so he could continue to fondle her vagina over her swimsuit, and continued to fondle her for about 10 minutes until her brothers returned to the pool area.[103]

Petitioner argues A.D.'s inability to remember the dates and times of the sexual batteries rendered her testimony unreliable for the jury to have found that the batteries actually occurred, rendering the jury's verdict unreasonable and the state courts' upholding of the verdict contrary to *Jackson*.[104] However, because the *Jackson* inquiry focuses on whether the jury made a rational decision to convict or acquit,[105] a conviction may constitutionally rest on sufficient evidence "even though the facts also support one or more reasonable hypotheses consistent with the defendant's claim of innocence."[106]

The record in this case supports the jury's credibility determination as to A.D.'s testimony. As the Magistrate Judge stated, A.D. "never varied in her accusations and descriptions of the abuse, despite her history of childish lies about other unrelated and

---

[100] St. Rec. Vol. 2 of 4, Trial Transcript, p. 59 (video shown), p. 101 (A.D.), 10/23/13. According to the Louisiana First Circuit, the video also included A.D.'s statement that Petitioner would have her put his penis back into his pants.
[101] *Id.* at pp. 67-68 (A.D.).
[102] *Id.* at p. 79 (A.D.).
[103] *Id.* at pp. 96-97 (A.D.).
[104] In his objection to the Report and Recommendation, Petitioner argues the alleged incident in the pool occurred when A.D. was 13. Even if this were true, it does not establish (1) no sexual battery occurred or (2) the other incidents did not occur prior to A.D. turning 13 years old. Further, such does not per se render A.D.'s testimony unreliable such that the jury could not have found the batteries occurred, such that the jury's verdict would be rendered unreasonable and the state court's upholding of the verdict contrary to *Jackson*.
[105] *Herrera*, 506 U.S. at 402.
[106] *Gibson v. Collins*, 947 F.2d 780, 783 (5th Cir. 1991).

insignificant matters."[107] Additionally, the jury heard testimony Petitioner previously was convicted of sexual battery of a juvenile under 13 by touching her vaginal area.[108] The record supports the jury's credibility determination of A.D.'s testimony even though jurors heard testimony there were no physical or medical findings or eyewitness testimony corroborating the abuse alleged by A.D.[109] and that A.D. was disappointed Petitioner excluded her from things he did with her sister and that she did not like him living with her mother.[110] "[A] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume - even if it does not affirmatively appear in the record - that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."[111]

As the Magistrate Judge found, "[t]he jury's decision to credit the child-victim and its finding that the elements of sexual battery were proven were well-within reason."[112] Under state law, A.D.'s testimony was sufficient to prove Petitioner intentionally touched her vagina without her consent and had her touch his penis before A.D. reached the age of 13.[113] It was therefore well within the realm of reasonable for the state courts to uphold the verdict under the *Jackson* standards. Because Petitioner has not shown the state courts' denial of relief was contrary to or an unreasonable application of *Jackson*, he is not entitled to relief on this claim.

## V.     Effective Assistance of Counsel (Claim Nos. 5 and 6)

In *Strickland v. Washington*, the Supreme Court established a two-pronged test for evaluating claims of ineffective assistance of counsel. Specifically, a petitioner seeking

---

[107] R. Doc. 12 at 26.
[108] State Record Volume 2 of 4, Trial Transcript, pp. 137-38, October 23, 2013 (Testimony of Probation Specialist John Barbera).
[109] *Id.* at pp. 42-43 (Detective Scott); pp. 133 (Dr. Owen Grossman).
[110] *Id.* at pp. 78-79 (A.D.).
[111] *Jackson*, 443 U.S. at 326.
[112] R. Doc. 12 at
[113] *Hampton*, 716 So.2d at 418-21.

relief must demonstrate both: (1) counsel's performance was deficient and (2) the deficient performance prejudiced his defense.[114] A petitioner bears the burden of proof on such a claim and "must demonstrate, by a preponderance of the evidence, that his counsel was ineffective."[115] "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."[116]

To prevail on the deficiency prong of the *Strickland* test, a petitioner must demonstrate that counsel's conduct fails to meet the constitutional minimum guaranteed by the Sixth Amendment.[117] "Counsel's performance is deficient if it falls below an objective standard of reasonableness."[118] Analysis of counsel's performance must consider the reasonableness of counsel's actions in light of all the circumstances.[119] "[I]t is necessary to 'judge . . . counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'"[120] A petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation.[121]

To prevail on the prejudice prong of the *Strickland* test, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the

---

[114] *Strickland v. Washington*, 466 U.S. 668, 697 (1984).
[115] *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir. 1993); *see also Clark v. Johnson*, 227 F.3d 273, 284 (5th Cir. 2000).
[116] *Strickland*, 466 U.S. at 689.
[117] *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001).
[118] *Little v. Johnson*, 162 F.3d 855, 860 (5th Cir. 1998).
[119] *See Strickland*, 466 U.S. at 689.
[120] *Lockhart v. Fretwell*, 506 U.S. 364, 371 (1993) (quoting *Strickland*, 466 U.S. at 690).
[121] *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

result of the proceeding would have been different."[122] In this context, a reasonable probability is "a probability sufficient to undermine confidence in the outcome."[123] In making a determination as to whether prejudice occurred, courts must review the record to determine "the relative role that the alleged trial errors played in the total context of [the] trial."[124] If a court finds that a petitioner has made an insufficient showing as to either of the two prongs of inquiry, *i.e.*, deficient performance or actual prejudice, it may dispose of the ineffective assistance claim without addressing the other prong.[125]

The Supreme Court has clarified that, in applying *Strickland* on habeas review, "[t]he question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom."[126] Accordingly, a high level of deference is owed to a state court's findings under *Strickland* in light of AEDPA standards of review: "[t]he standards created by *Strickland* and §2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so."[127] Because scrutiny of counsel's performance under § 2254(d) is "doubly deferential,"[128] federal courts must take a "highly deferential" look at counsel's performance under the *Strickland* standard through the "deferential lens of § 2254(d)."[129]

The *Strickland* standard for judging performance of counsel also applies to claims of ineffective appellate counsel.[130] To prevail on a claim that appellate counsel was

---

[122] *Strickland*, 466 U.S. at 694.
[123] *Id.*
[124] *Crockett*, 796 F.2d at 793.
[125] *Strickland*, 466 U.S. at 697.
[126] *Harrington v. Richter*, 562 U.S. 86, 103 (2011).
[127] *Id.* at 105 (internal quotations marks and citations omitted).
[128] *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009)).
[129] *Id.* (citing *Strickland*, 466 U.S. at 689, and quoting *Knowles*, 556 U.S. at 121 n.2).
[130] *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Goodwin v. Johnson*, 132 F.3d 162, 170 (5th Cir. 1997).

constitutionally ineffective, a petitioner must show his appellate counsel unreasonably failed to discover and assert a non-frivolous issue and establish a reasonable probability he would have prevailed on this issue on appeal but for his counsel's deficient representation.[131] Effective appellate counsel are not required to assert every non-frivolous available ground for appeal[132]; instead, effective appellate counsel may legitimately select from among them in the exercise of professional judgment to maximize the likelihood of success on appeal.[133] Appellate counsel has discretion to exclude even a non-frivolous issue if said issue was unlikely to prevail.[134]

Petitioner argues he received ineffective assistance of counsel for two reasons. First, because his trial and appellate counsel failed properly to argue insufficiency of the evidence under *Jackson*.[135] Specifically, he argues counsel should have argued in the motion for post-verdict judgment of acquittal and on direct appeal that the jury's credibility determination was unsupported due to the unreliable testimony of the victim and lack of corroborating evidence.[136] Second, because his trial counsel failed to impeach A.D. at trial and failed to request a limiting instruction for the jury to disregard A.D.'s false testimony.[137]

On post-conviction review, the state courts denied relief on Petitioner's claims, finding Petitioner failed to prove his claim under the *Strickland* standards. The issue of ineffective assistance of counsel is a mixed question of law and fact.[138] Accordingly, under the AEDPA

---

[131] *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001); Smith, 528 U.S. at 285-86.

[132] *Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998) (citing *Evitts v. Lucey*, 469 U.S. 387, 394 (1985)).

[133] *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983).

[134] *See Anderson v. Quarterman*, 204 F. App'x 402, 410 (5th Cir. 2006) ("The issues that Anderson argues his counsel should have raised on direct appeal . . . lack merit. As such, failure to raise these issues did not prejudice Anderson."); *Penson v. Ohio*, 488 U.S. 75, 83-84 (1988) (noting that courts have refused to find counsel ineffective when the proposed appellate issues are meritless); *Kossie v. Thaler*, 423 F. App'x 434, 437 (5th Cir. 2011) (recognizing the Supreme Court's basic rule that the presumption that appellate counsel was effective will be overcome only when the unasserted claims are stronger than those that were in fact raised).

[135] R. Doc. 1-1 at 25.

[136] *Id.* at 26-29.

[137] *Id.* at 29-32.

[138] *Strickland*, 466 U.S. at 698; *Clark v. Thaler*, 673 F.3d 410, 416 (5th Cir. 2012); *Woodfox*, 609 F.3d at

the Court must determine whether the state courts' denial of relief was contrary to or an unreasonable application of Supreme Court precedent.

## A. *Jackson* Issue

As discussed above, *Jackson* is the appropriate Supreme Court precedent by which sufficiency of evidence must be considered. Under *Jackson*, "[a]lone, [a petitioner's] challenge of the jury's credibility choice fails to satisfy the *Jackson* standard for habeas relief."[139] Petitioner's counsel consequently had no legal grounds to base a motion for post-verdict judgment of acquittal or the direct appeal on a challenge to the credibility determinations made by the jury. "An attorney's failure to raise a meritless argument thus cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."[140]

Accordingly, Petitioner has failed to establish his trial and appellate counsel were ineffective in not basing the insufficient evidence claim on a challenge to the credibility determinations made by the jury. Likewise, he has not established the state courts' denial of relief was contrary to or an unreasonable application of *Strickland*. Petitioner is not entitled to relief on this claim.

## B. Impeachment of the Victim

Petitioner argues his trial counsel provided ineffective assistance because counsel failed to impeach A.D. or request that the jury be instructed to ignore A.D.'s unreliable testimony. "The decision whether to cross-examine a witness, and if so, how vigorously to

---

789.

[139] *McCowin v. Scott*, No. 93-5340, 1994 WL 242581, at *2 (5th Cir. May 26, 1994); *see also Schlup v. Delo*, 513 U.S. 298, 330 (1995) ("[U]nder *Jackson*, the assessment of the credibility of witnesses is generally beyond the scope of review."); *Ramirez*, 398 F.3d at 695 ("All credibility choices and conflicting inferences are to be resolved in favor of the verdict."); *United States v. Loe*, 262 F.3d 427, 432 (5th Cir. 2001) (the jury "retains the sole authority to weigh any conflicting evidence and to evaluate the credibility of the witnesses.").

[140] *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) (citing *Williams v. Collins*, 16 F.3d 626, 634–35 (5th Cir.1994); *United States v. Victoria*, 876 F.2d 1009, 1012 (1st Cir. 1989)).

challenge the witness'[s] testimony, requires a quintessential exercise of professional judgment."[141] The Court does not assess whether counsel's trial strategy was successful, but rather whether a particular act or omission of counsel was unreasonable under the circumstances of the case.[142]

As the Magistrate Judge found, "[t]he trial transcript reflects that Odis's counsel aggressively cross-examined A.D. in an effort to discredit her testimony and depict her as a liar who simply wanted Odis out of her home."[143] Petitioner's counsel questioned A.D. about the following:

- A.D.'s inability to remember when the incidents occurred, the time of day they occurred, or how long Petitioner lived with her mother[144];

- A.D.'s prior lies to her mother and sister and her jealousy over Petitioner's time and money spent on her sister[145]; and

- A.D.'s dislike of Petitioner living with her mother and desire to have Petitioner out of the house by all means.[146]

The record thus demonstrates Petitioner's counsel zealously challenged A.D.'s credibility. The fact that the jury chose to credit the testimony of A.D. did not render counsel's performance ineffective.[147]

Similarly, Petitioner's counsel was not ineffective in making the decision to not request a limiting instruction on the weight to be given to A.D.'s testimony. The state trial court instructed the jury on the following:

- The jury's duty to "determine the weight and credibility of the evidence"[148];

- The jury's role as "the sole judges of the credibility of the witnesses and of the

---

[141] *Ford v. Cockrell*, 315 F. Supp.2d 831, 859 (W.D. Tex. 2004), *aff'd*, 135 F. App'x 769 (5th Cir. 2005).
[142] *Strickland*, 466 U.S. at 689.
[143] R. Doc. 12 at 34.
[144] St. Rec. Vol. 2 of 4, Trial Transcript, pp. 70-71, 72 (A.D.), 10/23/13.
[145] *Id*. at pp. 77-80, 82-83, 94-95.
[146] *Id*. at pp. 78-79; pp. 94-95.
[147] *See Martinez v. Dretke*, 99 F. App'x 538, 543 (5th Cir. 2004) ( "[An] unsuccessful strategy does not necessarily indicate constitutionally deficient counsel.").
[148] St. Rec. Vol. 2 of 3, Trial Transcript, p. 57, 10/24/13.

weight their testimony deserves"[149];

- The jury's ability to consider a witness's "ability and opportunity to observe and remember the matter about which he or she testified, . . . and the extent to which the testimony is supported or contradicted by other evidence"[150];

- "The testimony of the witness may be discredited by showing that the witness will benefit in some way by the defendant's conviction or acquittal, that the witness is prejudiced, or that the witness has any other reason or motive for not telling the truth."[151]

The state trial court therefore made clear to the jury it was within its discretion to evaluate the weight and veracity of the witness testimony. Petitioner indicates no other legally sound instruction his counsel should have requested. Petitioner therefore has failed to establish he received ineffective assistance of counsel, and the state courts' denial of relief on this issue was not contrary to or an unreasonable application of *Strickland*. Accordingly, Petitioner is not entitled to relief on this claim.

The Court, having considered the record, the applicable law, relevant filings, and the magistrate judge's Report and Recommendation finds the magistrate judge's findings of fact and conclusions of law are correct and hereby approves the United States Magistrate Judge's Report and Recommendation and **ADOPTS** it as its opinion in this matter.[152]

<u>**CONCLUSION**</u>

**IT IS ORDERED** that Petitioner Christopher Odis's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be and hereby is **DISMISSED WITH PREJUDICE**.

**New Orleans, Louisiana, this 10th day of December, 2019.**

_Susie Morgan_

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[149] *Id.*
[150] *Id.*
[151] *Id.* at 60.
[152] R. Doc. 12.